IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2009

## JOE ERVIN HUNTER v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 14411   Robert Jones, Judge**

_____

**No. M2008-01334-CCA-R3-HC - August 11, 2009**

_____

Petitioner, Joe Ervin Hunter, pled guilty to possession of less than .5 gram of a controlled substance with intent to sell.  In March 2008, Petitioner filed an application for a writ of habeas corpus which was summarily dismissed by the habeas corpus court.  On appeal, he argues that the habeas corpus court erred in summarily dismissing his application.  After a thorough review of the record, we conclude that Petitioner did not comply with the procedural requirements as set out by statute and that he did not base his plea for habeas corpus relief upon a cognizable claim.  Therefore, we affirm the summary dismissal of his application.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Joe Ervin Hunter, Pro Se, Clifton, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to Petitioner's Application for a Writ of Habeas Corpus, he pled guilty to possession of less than .5 gram of a controlled substance with intent to sell.  On March 7, 2008, Appellant filed an Application for a Writ of Habeas Corpus.  He argued that he was entitled to habeas corpus relief because he had not received behavior or program credits or jail credits ordered by the trial court and, therefore, his sentence has expired when these credits are taken into account.

On June 2, 2008, the habeas corpus court summarily dismissed the application for writ of habeas corpus.  The habeas corpus court stated that Petitioner had failed to meet the procedural

requirements under Tennessee Code Annotated section 29-21-107(b) and that Petitioner had failed to state a proper claim for writ of habeas corpus. Petitioner filed a timely notice of appeal.

## ANALYSIS

Petitioner argues on appeal that the habeas corpus court erred in summarily dismissing his application. The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21. Further, in *Summers*, our supreme court explained:

In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

212 S.W.3d at 261.

Petitioner failed to attach the underlying judgment of his conviction to his application. Clearly, Petitioner's application for writ of habeas corpus does not meet the requirements set out in Tennessee Code Annotated section 29-21-107(b) as stated by the habeas corpus court. This fact is a sufficient basis to support a summary dismissal of a plea for habeas corpus relief. *Id.*

As stated above, the habeas corpus court summarily dismissed the application based upon the procedural requirements, but also dismissed based upon the fact that Petitioner had not stated a cognizable claim for habeas corpus relief. Our supreme court has stated:

-3-

A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required. The habeas corpus court may instead choose to afford the petitioner an opportunity to comply with the procedural requirements, or the habeas corpus court may choose to adjudicate the petition on its merits. *See* Tenn. Code Ann. § 29-21-109 (2000) ("If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto.").

*Hickman*, 153 S.W.3d at 21 (footnotes omitted).

This Court has previously stated that "[c]alculations of time credits and matters relating to sentence reduction credits are internal matters of the Department of Correction which are not cognizable in a habeas corpus proceeding and must be addressed through the procedures set forth in the Uniform Administrative Procedures Act." *David D. Cox v. State*, No. W2007-01591-CCA-R3-HC, 2008 WL 4831279, at *2 (Tenn. Crim. App., at Jackson, Nov. 5, 2008). Therefore, Petitioner's basis for habeas corpus relief is not a cognizable claim.

Therefore, this issue has no merit.

## CONCLUSION

For the foregoing reasons, we affirm the habeas corpus court's summary dismissal of Petitioner's application for a writ of habeas corpus.

_____
JERRY L. SMITH, JUDGE